COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
JEFFREY D. LOMBARD (285371) (jlombard@cooley.com)
SAMANTHA A. KIRBY (307917) (skirby@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendants
INTERSECT ENT, INC., LISA D. EARNHARDT,
JERYL L. HILLEMAN and ROBERT H. BINNEY, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVI YARON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERSECT ENT, INC., LISA D. EARNHARDT, JERYL L. HILLEMAN and ROBERT H. BINNEY, JR.,<br><br>Defendants. | Case No.  4:19-cv-02647-JSW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Date:        May 29, 2020<br>Time:        9:00 a.m.<br>Judge:       Hon. Jeffrey S. White<br>Courtroom:  5 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**[PROPOSED] ORDER GRANTING DEFENDANTS' RJN
AND MTD PLAINTIFF'S CONS. AMENDED CLASS
ACTION COMPLAINT – CASE NO. 4:19-CV-02647-JSW**

The motion of defendants Intersect ENT, Inc. ("Intersect"), Lisa D. Earnhardt, Jeryl L. Hilleman, and Robert H. Binney, Jr.'s (together, "Defendants") to dismiss Plaintiff's Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") in the above-captioned action came for hearing before the Court on May 29, 2020.  The parties were represented by their respective counsel of record.

After considering the moving, opposition, and reply papers, Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference, the argument of counsel, the pleadings and files in this action, and all other matters properly before the Court, the Court finds that Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), and has not alleged facts sufficient to state a claim for a violation of Section 10(b) or Section 20(a) of the Securities Exchange Act of 1934 as to any Defendant.

First, Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference is **GRANTED**.  Exhibits A–AA appended to the Declaration of Samantha Kirby are properly incorporated into the Complaint, which relies on each document to support its claims and allegations.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  The Court also takes judicial notice of Exhibits A, E, F, H–J, S, T, V, W, and Y, which are publicly available documents that Intersect filed with the United States Securities and Exchange Commission.  *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006).

Second, Defendants' Motion to Dismiss the Complaint is **GRANTED**.  The Complaint fails to allege falsity and scienter with particularity, and, as to the first alleged corrective disclosure on August 1, 2018, fails to adequately allege loss causation.

The Complaint fails to plead falsity for a number of reasons.  First, the Complaint does not provide the details establishing the four Confidential Witnesses' "reliability and personal knowledge" of the facts alleged necessary for the Court to rely on the vast majority of these allegations.  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995-98 (9th Cir. 2009).  Second, even if the Confidential Witness allegations are credited, Plaintiff's channel stuffing allegations are "speculation made in hindsight," *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998), because the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

[PROPOSED] ORDER GRANTING DEFENDANTS' RJN
AND MTD PLAINTIFF'S CONS. AMENDED CLASS
ACTION COMPLAINT – CASE NO. 4:19-CV-02647-JSW

Complaint fails to plead any detail (such as specific transactions, shipments, customers, times, or dollar amounts) to demonstrate that the channel stuffing allegations are probative that any of the challenged statements were false or misleading when made. *See Vitalone v. Logitech Int'l SA*, 2012 WL 13041992, at *4 (N.D. Cal. July 13, 2012). Third, the Complaint does not adequately allege that the failure to disclose the alleged channel stuffing scheme amounts to a material omission, given the Company's clear and repeated disclosures about the SINUVA launch and the immaterial impact of the allegedly high-volume discount orders on Intersect's annual revenues. *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002). Finally and separately, the Section 10(b) claim against Binney is dismissed because, as pled in the Complaint, he did not "make" or have "ultimate authority" over any of the challenged statements. *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142-44 (2011).[1]

Plaintiff also fails to plead a strong inference of scienter. There are no well-pled allegations that Defendants had contemporaneous knowledge that the challenged statements were false or misleading when made. *Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001). Plaintiff also fails to plead the requirements necessary to establish a strong inference of scienter based on a "core operations" inference. *S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 785-86 (9th Cir. 2008). Similarly, the resignations of Earnhardt and Hilleman do not support a strong inference of scienter. *Zucco*, 552 F.3d at 1002. Plaintiff's attempt to plead "corporate scienter"—a doctrine this Circuit has not adopted, and, in any event, which does not apply under the facts alleged—is also unavailing. *Cho v. UCBH Holdings, Inc.*, 2011 WL 3809903, at *8 (N.D. Cal. May 17, 2011). Viewed holistically, the only compelling inference one can draw from the facts alleged and those the Court can consider through the documents incorporated by reference is that during the Class Period Intersect struggled to manage the complex, novel, and time-intensive launch of SINUVA. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323-24 (2007).

The Complaint also fails to plead loss causation as to the first alleged corrective disclosure on August 1, 2018. *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018).

---

[1] Because of these findings, the Court need not address Defendants' alternative arguments that the challenged statements fail for other, independent reasons.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

[PROPOSED] ORDER GRANTING DEFENDANTS' RJN
AND MTD PLAINTIFF'S CONS. AMENDED CLASS
ACTION COMPLAINT – CASE NO. 4:19-CV-02647-JSW

The Complaint does not allege any particularized facts to show that the Company's announced revision to the 2018 guidance had anything to do with sales of PROPEL (the only product Plaintiff alleges was involved in the alleged channel-stuffing scheme). As such, the announcement of the 2018 guidance revision does not relate back to the "very facts" allegedly concealed by Defendants. *Id.*

Finally, Plaintiff's Section 20(a) claim for control personal liability is dismissed as to all Defendants because Plaintiff fails to plead a primary violation of Section 10(b). *Webb v. Solarcity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018). Plaintiff's Section 20(a) claim is also dismissed as to Binney because Plaintiff does not allege that Binney exercised control over any Defendant. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000).

For the foregoing reasons, it is HEREBY ORDERED that Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference and Motion to Dismiss are GRANTED, and the Complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

DATED: _____     _____

Hon. Jeffrey S. White
United States District Court Judge

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

**[PROPOSED] ORDER GRANTING DEFENDANTS' RJN AND MTD PLAINTIFF'S CONS. AMENDED CLASS ACTION COMPLAINT – CASE NO. 4:19-CV-02647-JSW**