COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
JEFFREY D. LOMBARD (285371) (jlombard@cooley.com)
SAMANTHA A. KIRBY (307917) (skirby@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendants
INTERSECT ENT, INC., LISA D. EARNHARDT,
JERYL L. HILLEMAN and ROBERT H. BINNEY, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVI YARON, Individually and On Behalf of All Others Similarly Situated, | Case No.  4:19-cv-02647-JSW |
| Plaintiff, | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| INTERSECT ENT, INC., LISA D. EARNHARDT, JERYL L. HILLEMAN and ROBERT H. BINNEY, JR., | |
| Defendants. | Date:      May 29, 2020<br>Time:      9:00 a.m.<br>Judge:     Hon. Jeffrey S. White<br>Courtroom: 5 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Intersect ENT, Inc. ("Intersect" or the "Company"), Lisa D. Earnhardt, Jeryl L. Hilleman, and Robert H. Binney, Jr. (together with Intersect, "Defendants") hereby request that the Court incorporate by reference and/or take judicial notice of the documents listed below, submitted in support of Defendants' Motion to Dismiss Plaintiff's Consolidated Amended Class Action Complaint (the "Motion to Dismiss") and attached to the accompanying Declaration of Samantha Kirby in Support of Defendants' Motion to Dismiss ("Kirby Declaration").

## I.   DOCUMENTS SUBJECT TO THIS REQUEST[1]

| Exhibit | Description | ¶¶[2] |
|---|---|---|
| A | Intersect's Form 10-Q for the first fiscal quarter of 2018 ("Q1 2018") filed with the Securities and Exchange Commission ("SEC") on May 3, 2018 | ¶ 125 |
| B | Transcript of Intersect's presentation at the J.P. Morgan Healthcare Conference, which occurred on January 9, 2018 | ¶¶ 45, 49 |
| C | Transcript of Intersect's Earnings Call for the fourth fiscal quarter of 2017 ("Q4 2017"), which occurred on February 27, 2018 | ¶¶ 51–52, 113, 115 |
| D | Transcript of Intersect's presentation at the Deutsche Bank Health Care Conference, which occurred on May 9, 2018 | ¶¶ 127, 129 |
| E | Intersect's Form 10-Q for the second fiscal quarter of 2018 ("Q2 2018") filed with the SEC on August 3, 2018 | ¶ 141 |
| F | Intersect's Form 10-Q for the third fiscal quarter of 2018 ("Q3 2018") filed with the SEC on November 5, 2018 | ¶ 151 |
| G | Transcript of Intersect's Earnings Call for the fourth fiscal quarter of 2018 ("Q4 2018"), which occurred on February 25, 2019 | ¶¶ 59, 161, 163, 165 |
| H | Intersect's Form 10-K for the fiscal year of 2018 filed with the SEC on February 28, 2019 | ¶¶ 35, 37, 167, 186 |

---

[1] For the Court's convenience, attached to the accompanying Kirby Declaration are true and correct highlighted copies of each exhibit.

[2] "¶" refers to the paragraphs of the Consolidated Amended Class Action Complaint ("Complaint") that quote from, or refer to information contained in, the referenced document.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

DEFENDANTS' RJN ISO MTD PLAINTIFF'S CONS.
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 4:19-CV-02647-JSW

| I | Intersect's press release reporting financial results for the first fiscal quarter of 2019 ("Q1 2019"), attached as an exhibit to Intersect's Form 8-K filed with the SEC on May 6, 2019 | ¶ 171 |
|---|---|---|
| J | Intersect's Form 10-Q for Q1 2019 filed with the SEC on May 7, 2019 | ¶ 178 |
| K | Transcript of Intersect's Earnings Call for the second fiscal quarter of 2019, which occurred on August 1, 2019 | ¶¶ 62, 99–102 |
| L | Transcript of Intersect's Earnings Call for the third fiscal quarter of 2019, which occurred on November 1, 2019 | ¶¶ 8, 63, 106–09 |
| M | Transcript of Intersect's Earnings Call for Q2 2018, which occurred on August 1, 2018 | ¶¶ 90, 91, 135, 137, 139, 191 |
| N | Transcript of Intersect's Earnings Call for Q3 2018, which occurred on November 5, 2018 | ¶¶ 57, 58, 145, 147, 149 |
| O | Piper Jaffray report titled, *Q4 Beat (in-line SINUVA); '19 Guide Lower than Expected but Upside Exists* and published on January 7, 2019 | ¶ 60 |
| P | Transcript of Intersect's Earnings Call for Q1 2018, which occurred on May 1, 2018 | ¶¶ 119, 121, 123 |
| Q | Transcript of Intersect's Earnings Call for Q1 2019, which occurred on May 6, 2019 | ¶¶ 93–97, 173–76 |
| R | Transcript of Intersect's presentation at the J.P. Morgan Healthcare Conference, which occurred on January 9, 2019[3] | ¶¶ 155, 157, 185 |
| S | Intersect's press release announcing financial results for Q4 and full year 2017, attached as an exhibit to Intersect's Form 8-K filed with the SEC on February 27, 2018 | ¶¶ 50, 111 |
| T | Intersect's press release announcing financial results for Q1 2018, attached as an exhibit to Intersect's Form 8-K filed with the SEC on May 1, 2018 | ¶ 117 |
| U | Transcript of Intersect's presentation at the Bank of America Merrill Lynch Healthcare Conference, which occurred on May 16, 2018 | ¶ 131 |
| V | Intersect's press release announcing financial results for Q2 2018, attached as an exhibit to Intersect's Form 8-K filed with the SEC on August 1, 2018 | ¶ 133 |

---

[3] The Complaint incorrectly identifies this conference as occurring on January 1, 2019.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

| W | Intersect's Form press release announcing financial results for Q3 2018, attached as an exhibit to Intersect's Form 8-K filed with the SEC on November 5, 2018 | ¶ 143 |
|---|---|---|
| X | Transcript of Intersect's presentation at the Piper Jaffray Health Care Conference, which occurred on November 28, 2018 | ¶ 153 |
| Y | Intersect's press release announcing financial results for Q4 and full year 2018, attached as an exhibit to Intersect's Form 8-K filed with the SEC on February 25, 2019 | ¶ 159 |
| Z | Transcript of Intersect's presentation at the SVB Leerink Global Healthcare Conference, which occurred on February 28, 2019 | ¶ 169 |
| AA | Transcript of Intersect's presentation at the Bank of America Merrill Lynch Healthcare Conference, which occurred on May 14, 2019 | ¶ 180 |

## II.    ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Defendants ask the Court to consider 27 documents (Exhibits A through AA) in deciding the Motion to Dismiss. There can be no dispute that the Court's consideration of these documents is appropriate. These Exhibits—Intersect's SEC filings, transcripts of Defendants' presentations at conferences and earnings calls, and one analyst report—are properly incorporated in Plaintiff's Complaint, which relies on each document to support its claims and allegations. The Court may also consider Exhibits A, E, F, H–J, S, T, V, W, and Y per Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly available and accurate information that is not subject of reasonable dispute.

### A.    The Court May Consider the Documents Incorporated by Reference into the Complaint (Exhibits A–AA).

A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (emphasis added) (quoting *United*

*States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Even where a plaintiff references only a short excerpt of the document, the document may be incorporated by reference if "the [plaintiff's] claim necessarily depended on [the document]." *Id*. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig*., 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted).

Exhibits A through AA are properly considered in deciding Defendants' Motion to Dismiss under the incorporation by reference doctrine. Plaintiff explicitly and repeatedly relies on these Exhibits to form the basis of his claims. Specifically, the statements that Plaintiff challenges in the Complaint are excerpts of Exhibits A, C–J, M, N, P–AA. As such, it is critical that the Court consider those exhibits in their entirety when ruling on the Motion to Dismiss because the alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig*., 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996) (citation omitted). Additionally, Plaintiff's core allegations that Defendants engaged in channel stuffing and omitted to mention this practice in their challenged statements rely on excerpts of: (1) Defendants' presentation at the J.P. Morgan Healthcare Conference in January 2018 (¶¶ 45, 49; Ex. B); (2) Intersect's Q2 2019 and Q3 2019 Earnings Calls (¶¶ 62, 63, 100-102, 106-08; Exs. K and L); and (3) a Piper Jaffray report dated January 7, 2019 (¶ 60, Ex. O). These allegations plainly satisfy the Ninth Circuit's ruling that where a document is referenced in a plaintiff's complaint, it may be incorporated by reference where "the [plaintiff's] claim necessarily depended on [the document]." *Khoja*, 899 F.3d at 1002. The Court should consider these Exhibits in their entirety to ensure that Plaintiffs are not able to "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*

Defendants' use of Exhibits A through AA is also fully consistent with the Ninth Circuit's holding that courts may assume the truth of facts in a document incorporated by reference, as long as those facts are not used to dispute well-pled facts in the plaintiff's complaint. *Khoja*, 899 F.3d at 1003. Defendants offer Exhibits A through AA for facts that are not inconsistent with the facts alleged in the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

DEFENDANTS' RJN ISO MTD PLAINTIFF'S CONS.
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 4:19-CV-02647-JSW

**B.    The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits A, E, F, H–J, S, T, V, W, and Y).**

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Distinct from the doctrine of incorporation by reference (which, as set forth above, is a sufficient basis for the Court to consider Exhibits A–AA), judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820-21 (C.D. Cal. 1998) (emphasis added).  Courts may take judicial notice of "publicly available financial documents such as SEC filings" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *see also Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss).

In securities fraud cases, courts routinely take judicial notice of SEC filings and other public documents to establish what information was in the public realm and when.  *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (SEC filings). Here, Exhibits A, E, F, H–J, S, T, V, W, and Y are publicly available SEC filings.  The Court should therefore take judicial notice of these Exhibits to "indicate what was in the public realm at the time, not whether the contents of those [documents] were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).

**III.    CONCLUSION**

For the foregoing reasons, this Court should consider Exhibits A through AA under the incorporation by reference doctrine and/or take judicial notice of Exhibits A, E, F, H–J, S, T, V, W, and Y to establish what information was in the public realm and when.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5.

DEFENDANTS' RJN ISO MTD PLAINTIFF'S CONS.
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 4:19-CV-02647-JSW

Dated:        January 31, 2020                COOLEY LLP


*/s/ Patrick E. Gibbs*
Patrick E. Gibbs (183174)

Attorneys for Defendants
INTERSECT ENT, INC., LISA D.
EARNHARDT, JERYL L. HILLEMAN and
ROBERT H. BINNEY, JR.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6.

**DEFENDANTS' RJN ISO MTD PLAINTIFF'S CONS.
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 4:19-CV-02647-JSW**