COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
JEFFREY D. LOMBARD (285371) (jlombard@cooley.com)
SAMANTHA A. KIRBY (307917) (skirby@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendants
INTERSECT ENT, INC., LISA D. EARNHARDT,
JERYL L. HILLEMAN and ROBERT H. BINNEY, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVI YARON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERSECT ENT, INC., LISA D. EARNHARDT, JERYL L. HILLEMAN and ROBERT H. BINNEY, JR.,<br><br>Defendants. | Case No.  5:19-cv-02647-JSW<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION TO CHANGE TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. Jeffrey S. White |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S
MOTION TO CHANGE TIME TO FILE SAC
CASE NO. 4:19-CV-02647-JSW

Plaintiff has sought Defendants' agreement to double the amount of time the Court provided to amend Plaintiff's complaint. Defendants have worked in good faith with Plaintiff to agree on a reasonable schedule that would provide Plaintiff more time to amend but not interfere substantially with other long-standing matters or entail such a lengthy delay in this matter. As Plaintiff has declined to agree to anything less than a 20-day extension, the question is now before the Court. Defendants respectfully request that the Court enter the briefing schedule they proposed to Plaintiff (below).

On December 2, 2019, Plaintiff filed a Consolidated Amended Class Action Complaint ("CAC") alleging violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934. (Dkt. No. 24.) Defendants subsequently moved to dismiss the CAC for failure to state a claim. (Dkt. No. 27.) On June 19, 2020, this Court granted Defendants' motion to dismiss, holding that Plaintiff failed to adequately allege falsity, scienter, and loss causation. (Dkt. No. 33.) The Court granted Plaintiff leave to amend and ordered that: "Plaintiff shall file and serve an amended complaint or statement that no such amended complaint shall be filed within twenty days of the date of this Order, and defendants shall file their response within twenty days thereafter." (*Id.* at 17.)

As set forth in the accompanying Declaration of Patrick Gibbs ("Gibbs Decl."), on June 22, 2020, Plaintiff's counsel sought Defendants' agreement to stipulate to an additional 20 days for Plaintiff to file an amended complaint, which would double the length of the schedule set by the Court. (Gibbs Decl., ¶ 2.) Through email and telephone communications over the next several days, Defendants made clear that they were unable to agree to a 20-day extension of time for several reasons. First, the Court set a specific schedule for both the amended complaint and Defendants' response to it. Second, Defendants' counsel had other scheduling constraints that would make it unworkable to agree to a 20-day extension. Finally, an extension of that length would leave this matter pending for too long. (Gibbs Decl., ¶¶ 2-6.) Defendants agreed in good faith to propose an extension to the schedule that would afford Plaintiff additional time to amend the complaint but would also work with Defendants' counsels' other long-standing deadlines and avoid excessive delay. (Gibbs. Decl. ¶ 5.) Defendants proposed the following schedule, which would grant Plaintiff nearly two additional weeks to amend the complaint:

- Plaintiffs shall file their amended complaint by or on July 20;

Cooley LLP
Attorneys At Law
Palo Alto

1.

DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S
MOTION TO CHANGE TIME TO FILE SAC
CASE NO. 4:19-CV-02647-JSW

- Defendants shall file their motion to dismiss by or on August 20;
- Plaintiffs shall file their Opposition by or on September 18; and
- Defendants shall file their Reply by or on October 16.

(Gibbs Decl. ¶ 6.) Plaintiff declined to agree to this schedule and indicated Plaintiff would move the Court for a 20-day extension. (*Id.*)

Defendants appreciate Plaintiff's offer to stipulate to an extension to respond to any amended complaint, but oppose a 20-day extension for the reasons discussed herein. This matter has been pending since Plaintiff filed the initial complaint in May 2019, over a year ago. (Dkt. No. 1.) Defendants respectfully request that the Court enter the schedule Defendants have proposed, which affords Plaintiff additional time to amend the complaint, allows Defendants time to respond in accordance with Defendants' counsels' other professional commitments, and does not entail so substantial a delay:

- Plaintiffs shall file their amended complaint by or on July 20;
- Defendants shall file their motion to dismiss by or on August 20;
- Plaintiffs shall file their Opposition by or on September 18; and
- Defendants shall file their Reply by or on October 16.

However, should the Court grant Plaintiffs' requested 20-day extension, Defendants respectfully request that the Court enter the following schedule, which seeks to avoid, to the extent possible, setting Defendants' response and reply dates among several other long-scheduled matters. (Gibbs Decl. ¶ 4.)

- Plaintiffs shall file their amended complaint by or on July 29;
- Defendants shall file their motion to dismiss by or on September 18;
- Plaintiffs shall file their Opposition by or on October 23; and
- Defendants shall file their Reply by or on November 20.

Dated:    June 26, 2020            COOLEY LLP
                                   PATRICK E. GIBBS (183174)

                                   */s/ Patrick E. Gibbs*
                                   Patrick E. Gibbs (183174)
                                   Attorneys for Defendants INTERSECT ENT, INC.,
                                   LISA D. EARNHARDT, JERYL L. HILLEMAN and
                                   ROBERT H. BINNEY, JR.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S
MOTION TO CHANGE TIME TO FILE SAC
CASE NO. 4:19-CV-02647-JSW