COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
JEFFREY D. LOMBARD (285371) (jlombard@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendants
INTERSECT ENT, INC., LISA D. EARNHARDT,
JERYL L. HILLEMAN and ROBERT H. BINNEY, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVI YARON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERSECT ENT, INC., LISA D. EARNHARDT, JERYL L. HILLEMAN and ROBERT H. BINNEY, JR.,<br><br>Defendants. | Case No.  4:19-cv-02647-JSW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:          January 8, 2021<br>Time:          9:00 a.m.<br>Judge:         Hon. Jeffrey S. White<br>Courtroom:  5 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

[PROPOSED] ORDER GRANTING DEFENDANTS' RJN
AND MTD CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT – CASE NO. 4:19-CV-02647-JSW

Defendants Intersect ENT, Inc. ("Intersect"), Lisa D. Earnhardt, Jeryl L. Hilleman, and Robert H. Binney, Jr.'s (together, "Defendants") motion to dismiss Plaintiff's Consolidated Second Amended Class Action Complaint (the "SAC") in the above-captioned action came for hearing before the Court on January 8, 2021.  The parties were represented by their respective counsel of record.

After considering the moving, opposition, and reply papers, Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference, the argument of counsel, the pleadings and files in this action, and all other matters properly before the Court, the Court finds that Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), and has not alleged facts sufficient to state a claim for a violation of Section 10(b) or Section 20(a) of the Securities Exchange Act of 1934 as to any Defendant.

First, Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference is **GRANTED**.  Exhibits A–H, J, K, M, N, Q, R, and U appended to the Declaration of Jeffrey Lombard are properly incorporated into the SAC, which relies on each document to support its claims and allegations.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  The Court also takes judicial notice of Exhibits A, E, F, H, and J, which are publicly available documents filed by Intersect with the United States Securities and Exchange Commission.  *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008).

Second, Defendants' Motion to Dismiss the SAC is **GRANTED**.  The SAC fails to allege falsity and a strong inference of scienter with particularity for the following reasons.

**Falsity:** First, Plaintiff fails to allege any material misrepresentation or omission.  *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002).  The SAC does not adequately plead that the failure to disclose the alleged channel stuffing scheme amounts to a material omission, given Intersect's clear and repeated disclosures about the SINUVA launch and the immaterial impact of the alleged high-volume discount orders on Intersect's annual revenues.  *Id.*  Second, Plaintiff's materiality and "precision stuffing" allegations fail to plead that purported channel stuffing covered up hidden declining demand in PROPEL that was not attributable to other factors about which

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

[PROPOSED] ORDER GRANTING DEFENDANTS' RJN
AND MTD CONSOLIDATED SECOND AMENDED CLASS
ACTION COMPLAINT – CASE NO. 4:19-CV-02647-JSW

Defendants repeatedly warned. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1070 (9th Cir. 2008). Therefore, Plaintiff's allegations of illegitimate channel stuffing practices are "speculation made in hindsight." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

**Scienter:** First, the allegations attributed to six confidential witnesses cannot be credited because Plaintiff does not establish the "reliability and personal knowledge" of the facts alleged necessary for the Court to rely on these allegations. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995-98 (9th Cir. 2009). Second, Plaintiff fails to allege that Defendants had contemporaneous knowledge of the purported scheme or that the challenged statements were false or misleading when made. *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1063 (9th Cir. 2014). Third, Plaintiff's allegations regarding "precision stuffing" fail to establish a strong inference of scienter. *Vitalone v. Logitech Int'l*, 2012 WL 13041992, at *2, *5, *7 (N.D. Cal. July 13, 2012). Fourth, Plaintiff fails to plead the requirements necessary to establish a strong inference of scienter based on a "core operations" inference. *S. Ferry LP, # 2 v. Killinger*, 542 F.3d 776, 785-86 (9th Cir. 2008). Viewed holistically, the only compelling inference one can draw from the facts properly considered is that during the Class Period Intersect struggled to manage the complex, novel, and time-intensive launch of SINUVA. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324-25 (2007); *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 415 (9th Cir. 2020).

**Control Person Liability:** Finally, Plaintiff's Section 20(a) claim for control personal liability is dismissed as to Earnhardt, Hilleman, and Binney because Plaintiff fails to plead a primary violation of Section 10(b). *Webb v. Solarcity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018).

For the foregoing reasons, it is **HEREBY ORDERED** that Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference and Motion to Dismiss are **GRANTED**, and the Consolidated Second Amended Class Action Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: _____    _____

Hon. Jeffrey S. White
United States District Court Judge

Cooley LLP
Attorneys At Law
Palo Alto

2.

[Proposed] Order Granting Defendants' RJN
and MTD Consolidated Second Amended Class
Action Complaint – Case No. 4:19-cv-02647-JSW