COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
JEFFREY D. LOMBARD (285371) (jlombard@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendants
INTERSECT ENT, INC., LISA D. EARNHARDT,
JERYL L. HILLEMAN and ROBERT H. BINNEY, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVI YARON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INTERSECT ENT, INC., LISA D. EARNHARDT, JERYL L. HILLEMAN and ROBERT H. BINNEY, JR., <br><br> Defendants. | Case No.  4:19-cv-02647-JSW <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> Date:         January 8, 2021 <br> Time:         9:00 a.m. <br> Judge:        Hon. Jeffrey S. White <br> Courtroom:  5 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Intersect ENT, Inc. ("Intersect" or the "Company"), Lisa D. Earnhardt, Jeryl L. Hilleman, and Robert H. Binney, Jr. (together with Intersect, "Defendants") hereby request that the Court incorporate by reference and/or take judicial notice of the documents listed below, submitted in support of Defendants' Motion to Dismiss Plaintiff's Consolidated Second Amended Class Action Complaint (the "Motion to Dismiss") and attached to the accompanying Declaration of Jeffrey D. Lombard in Support of Defendants' Motion to Dismiss (the "Lombard Declaration").

## I.    DOCUMENTS SUBJECT TO THIS REQUEST[1]

| Exhibit | Description | ¶¶[2] |
|---------|-------------|-------|
| A | Intersect's Form 10-Q for the first fiscal quarter of 2018 filed with the United States Securities and Exchange Commission ("SEC") on May 3, 2018 | ¶ 173 |
| B | Transcript of Intersect's presentation at the J.P. Morgan Healthcare Conference, which occurred on January 9, 2018 | ¶¶ 50, 54 |
| C | Transcript of Intersect's Earnings Call for the fourth fiscal quarter of 2017, which occurred on February 27, 2018 | ¶¶ 56–57, 161, 163 |
| D | Transcript of Intersect's presentation at the Deutsche Bank Health Care Conference, which occurred on May 9, 2018 | ¶¶ 175, 177 |
| E | Intersect's Form 10-Q for the second fiscal quarter of 2018 filed with the SEC on August 3, 2018 | ¶ 189 |
| F | Intersect's Form 10-Q for the third fiscal quarter of 2018 filed with the SEC on November 5, 2018 | ¶¶ 199, 262 |
| G | Transcript of Intersect's Earnings Call for the fourth fiscal quarter of 2018, which occurred on February 25, 2019 | ¶¶ 64, 209, 211, 213 |
| H | Intersect's Form 10-K for the fiscal year of 2018 filed with the SEC on February 28, 2019 | ¶¶ 40, 42, 215, 249 |

---

[1] For the Court's convenience, Defendants have highlighted the exhibits attached to the accompanying Lombard Declaration.

[2] "¶" refers to the paragraphs of the Consolidated Second Amended Class Action Complaint ("SAC") that quote from, or refer to information contained in, the referenced document.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

DEFENDANTS' RJN ISO MTD PLAINTIFF'S CONS.
SECOND AMENDED CLASS ACTION COMPLAINT –
CASE NO. 4:19-CV-02647-JSW

| J | Intersect's Form 10-Q for the first fiscal quarter of 2019 filed with the SEC on May 7, 2019 | ¶ 226, 236 & n.9 |
| K | Transcript of Intersect's Earnings Call for the second fiscal quarter of 2019, which occurred on August 1, 2019 | ¶¶ 67, 146–49, 230–33, 235 & n.6, 237, 239–40 |
| M | Transcript of Intersect's Earnings Call for the second fiscal quarter of 2018, which occurred on August 1, 2018 | ¶¶ 137–38, 183, 185, 187, 254 |
| N | Transcript of Intersect's Earnings Call for the third fiscal quarter of 2018, which occurred on November 5, 2018 | ¶¶ 62, 63, 193, 195, 197 |
| Q | Transcript of Intersect's Earnings Call for the first fiscal quarter of 2019, which occurred on May 6, 2019 | ¶¶ 140–44, 221–24 |
| R | Transcript of Intersect's presentation at the J.P. Morgan Healthcare Conference, which occurred on January 9, 2019[3] | ¶¶ 203, 205, 248 |
| U | Transcript of Intersect's presentation at the Bank of America Merrill Lynch Healthcare Conference, which occurred on May 16, 2018 | ¶ 179 |

## II.   ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Defendants ask the Court to consider 15 documents (Exhibits A–H, J, K, M, N, Q, R, and U) in deciding the Motion to Dismiss.[4] There can be no dispute that the Court's consideration of these documents is appropriate. This Court previously found that they were all incorporated by reference into Plaintiff's prior complaint (the "CAC"), and, as a result, that decision is law of the case. *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) ("The law of the case doctrine

---

[3] The SAC incorrectly identifies this conference as occurring on January 1, 2019 (¶ 248) and January 8, 2019 (¶ 203).

[4] As explained in Paragraph 4 of the Lombard Declaration, there are gaps in the exhibit lettering because, while each of these exhibits was submitted in connection with Defendants' Motion to Dismiss the CAC ("Prior Motion to Dismiss") (ECF No. 28, 28-1 through 28-27), not all 27 exhibits attached to the Prior Motion to Dismiss are being resubmitted here.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

DEFENDANTS' RJN ISO MTD PLAINTIFF'S CONS.
SECOND AMENDED CLASS ACTION COMPLAINT –
CASE NO. 4:19-CV-02647-JSW

generally prohibits a court from considering an issue that has already been decided by that same court . . . in the same case.").

### A. This Court Has Already Determined That Exhibits A–H, J, K, M, N, Q, R, and U Are Incorporated by Reference.

In deciding Defendants' Prior Motion to Dismiss (ECF No. 27), the Court held that Exhibits A–H, J, K, M, N, Q, R, and U were incorporated by reference into the CAC. (ECF No. 33 ("Order") at 5–6.) Noting that Plaintiff did not oppose Defendants' request for judicial notice, the Court held that these exhibits—SEC filings, investor call transcripts, and conference presentation transcripts— were "properly incorporated by reference," finding in the case of each exhibit that Plaintiff "refers extensively to the document" or "the document forms the basis of plaintiff's claim." Order at 5 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)).

Plaintiff's SAC relies on Exhibits A–H, J, K, M, N, Q, R, and U in the same manner and context as the CAC. (*See* Appendix 2 (redline comparison between the CAC and SAC).) The statements that Plaintiff challenges in the SAC are excerpts of Exhibits A, C–H, J, M, N, Q, R, and U. Plaintiff's core allegation that Defendants failed to disclose an alleged channel stuffing scheme relies on excerpts of (1) Exhibit B—Defendants' presentation at the J.P. Morgan Healthcare Conference in January 2018 (¶¶ 50, 54), and (2) Exhibit K—Intersect's Earnings Call for the second fiscal quarter of 2019 (¶¶ 67, 146–49, 230–33, 235 & n.6, 237, 239–40). As before, these allegations plainly satisfy the Ninth Circuit's ruling that where "the [plaintiff's] claim necessarily depended on [the document]," it is properly incorporated by reference. *Khoja*, 899 F.3d at 1002.

Defendants' use of Exhibits A–H, J, K, M, N, Q, R, and U here is likewise fully consistent with their use in their Prior Motion to Dismiss. The Ninth Circuit has held that courts may assume the truth of facts in a document incorporated by reference, so long as those facts are not used to dispute well-pleaded allegations in the plaintiff's complaint. *Khoja*, 899 F.3d at 1003. Here, as before, Defendants offer these exhibits either (1) for facts that are not inconsistent with the SAC, or (2) for the mere fact of what and when something was said.

Accordingly, the Court should again consider Exhibits A–H, J, K, M, N, Q, R, and U in their entirety to ensure that Plaintiffs are not able to "select[] only portions of documents that support their

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

DEFENDANTS' RJN ISO MTD PLAINTIFF'S CONS.
SECOND AMENDED CLASS ACTION COMPLAINT –
CASE NO. 4:19-CV-02647-JSW

claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

**B.     The Court May Also Take Judicial Notice of Exhibits A, E, F, H, and J.**

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). Distinct from the doctrine of incorporation by reference (which, as set forth above, is a sufficient basis for the Court to consider Exhibits A–H, J, K, M, N, Q, R, and U in their entirety), judicial notice extends to "matters of public record outside the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998).

In securities fraud cases, courts routinely take judicial notice of publicly available SEC filings to establish what information was in the public realm and when. *See, e.g.*, *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings," on a motion to dismiss); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of SEC filings). Here, the court should take judicial notice of Exhibits A, E, F, H, and J, which are publicly available SEC filings, to "indicate what was in the public realm at the time, not whether the contents of those [documents] were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).

**III.   CONCLUSION**

For the foregoing reasons, this Court should consider Exhibits A–H, J, K, M, N, Q, R, and U under the incorporation by reference doctrine. Although the Court need not reach this issue, in the alternative, the Court should find that Exhibits A, E, F, H, and J are subject to judicial notice because they are publicly available SEC filings.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

DEFENDANTS' RJN ISO MTD PLAINTIFF'S CONS.
SECOND AMENDED CLASS ACTION COMPLAINT –
CASE NO. 4:19-CV-02647-JSW

Dated:          September 18, 2020          COOLEY LLP


/s/ Patrick E. Gibbs
Patrick E. Gibbs (183174)

Attorneys for Defendants
INTERSECT ENT, INC., LISA D.
EARNHARDT, JERYL L. HILLEMAN and
ROBERT H. BINNEY, JR.

Cooley LLP
Attorneys At Law
Palo Alto

5.

DEFENDANTS' RJN iso MTD Plaintiff's Cons.
Second Amended Class Action Complaint –
Case No. 4:19-cv-02647-JSW