GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Jason L. Krajcer (#234235)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: lglancy@glancylaw.com
        rprongay@glancylaw.com
        jkrajcer@glancylaw.com

*Lead Counsel for Lead Plaintiff Avi Yaron
and the Settlement Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVI YARON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERSECT ENT, INC., LISA D. EARNHARDT, JERYL L. HILLEMAN, and ROBERT H. BINNEY, JR.,<br><br>Defendants. | Case No.: 4:19-cv-02647-JSW<br><br>**CLASS ACTION**<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**<br><br>Hearing Date: November 5, 2021<br>Time: 9:00 a.m.<br>Location: Courtroom 5<br>Judge: Hon. Jeffrey S. White |

Court-appointed Lead Plaintiff Avi Yaron ("Lead Plaintiff") and Lead Counsel respectfully submit this memorandum in further support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 71, the "Final Approval Motion") and Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 72, the "Fee and Expense Motion").[1]  This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including that there have been no objections to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, and not a single Settlement Class Member has requested exclusion.

## I.    THE SETTLEMENT CLASS'S REACTION WAS UNIVERSALLY POSITIVE AND SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION, AS WELL AS THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A.    The Court-Approved Notice Program

Pursuant to the Court's June 22, 2021 Preliminary Approval Order, 16,746 copies of the Postcard Notice were disseminated to potential Settlement Class Members and their nominees. *See* Supplemental Declaration of Patty Nogalski Regarding Notice Administration ("Supp. Nogalski Decl."), ¶3.  The Postcard Notice directed potential Settlement Class Members to downloadable versions of the Notice and Claim Form posted online at www.IntersectSecuritiesLitigation.com (the "Settlement Website").[2]  The Notice advised Settlement Class Members of the Settlement, the Plan of Allocation, and the request for an award of attorneys' fees and reimbursement of Litigation Expenses. *See* Mailing Decl., Exhibit B.  The Notice further advised Settlement Class Members that October 1, 2021 was the deadline for:

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated May 13, 2021.  ECF No. 64-1 (the "Stipulation").

[2] The Settlement Website became operational on or about July 21, 2021, and is accessible 24 hours a day, seven days a week and its address is set forth in the Postcard Notice, Notice, and Summary Notice.  *See* Declaration of Patty Nogalski Regarding Notice Administration (ECF No. 73-2) ("Mailing Decl."), at ¶13, and Exs. A, B, C and D.  In addition to providing access to downloadable versions of the Notice and Claim Form, potential Settlement Class Members can view or download the Stipulation, Preliminary Approval Order and Consolidated Second Amended Class Action Complaint for Violations of the Federal Securities Laws.  *Id.* at ¶13.

(1) requesting exclusion from the Settlement Class; and (2) filing an objection to the Settlement, Plan of Allocation, and/or the request for an award of attorneys' fees and reimbursement of Litigation Expenses.[3] *Id.*

On September 17, 2021, Lead Plaintiff filed the Final Approval Motion and Lead Counsel filed the Fee and Expense Motion. The motions were supported by the declarations of Lead Plaintiff, Lead Counsel, additional Plaintiff's Counsel, and the Claims Administrator. These papers are available on the Court's public docket and were posted on the Settlement Website. *See* ECF Nos. 71-73; Supp. Nogalski Decl., ¶10.

Following this extensive notice program, not a single Settlement Class Members requested exclusion from the Settlement Class, or objected to the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, or Lead Plaintiff's request to be reimbursed for his work litigating the Action. *See* Suppl. Nogalski Decl. at ¶¶8, 11.

**B.    The Settlement Class's Reaction Supports Approval of the Settlement, Plan of Allocation, and Fee and Expense Request**

In this Circuit, "the reaction of the class members to the proposed settlement" is one of the factors to consider in analyzing whether a settlement is fair, reasonable, and adequate. *See, e.g.*, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998);[4] *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (same). "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomm's Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *see also Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) ("the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.").

Here, the lack of a  single objection or request for exclusion to the Settlement demonstrates that the proposed Settlement is fundamentally fair, reasonable, and adequate. *See, e.g.*, *In re*

---

[3] The October 1, 2021 deadline to object or request exclusion was also included in the Postcard Notice and the Summary Notice. *See* Mailing Decl., Exs. A, C and D. On August 2, 2021, the Summary Notice was published in *Investor's Business Daily* and on the *PR Newswire*. *Id*. at ¶11.

[4] Unless otherwise noted, all internal quotations and citations are omitted.

*Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at \*3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *In re Heritage Bond Litig.*, 2005 WL 1594403, at \*10 (C.D. Cal. June 10, 2005) ("The Court finds the lack of class members that have manifested any disapproval of the Settlement further demonstrates the fairness, adequacy and reasonableness of the Settlement.").

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at \*4 (S.D. Cal. Dec. 6, 2018) (concluding that the proposed plan of allocation was fair and reasonable after noting "[t]he Plan of Allocation was described in detail in the notice and no class member objected."); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2019 WL 2077847, at \*3 (N.D. Cal. May 10, 2019) (only one objection and 16 opt outs "supports [conclusion] that the settlement and plan of allocation are fair, reasonable, and adequate.").

Finally, the reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, including the request that Lead Plaintiff be reimbursed for the costs incurred as a direct result of his representation of the Settlement Class pursuant to the Private Securities Litigation Reform Act. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) ("The reaction of the class may also be a determining factor in … determining the fee award."). Moreover, the absence of any objections from Settlement Class Members to the Fee and Expense Motion supports a finding that the request is fair and reasonable. *See Waldbuesser v. Northrop Grumman Corp.*, 2017 WL 9614818, at \*5 (C.D. Cal. Oct. 24, 2017) (finding receipt of only two objections to fee request, after mailing 210,000 notices, was "remarkably small given the wide dissemination of notice," and "conclud[ing] that the lack of significant objections to the requested fees justifies an award of one-third of the settlement fund."); *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at \*9-10 (C.D. Cal. Oct. 10, 2019) (noting "that there have been no objections filed to

the requested attorney's fees ... also supports granting the requested fees" of 33⅓% of $2,050,000 settlement fund); *Omnivision*, 559 F. Supp. 2d 1036, 1049 (awarding lead plaintiffs $29,913.80 from the settlement fund for reimbursement of their costs and expenses (including lost wages) where class members were provided notice and "no one objected.").[5]

## III.    CONCLUSION

Based on the foregoing and the entire record herein, Lead Plaintiff and his counsel respectfully request that the Court: (1) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (2) award attorneys' fees to Lead Counsel in the amount of 33⅓% of the Settlement Fund, together with expenses in the amount of $88,929.16; and (3) grant the request of $5,000 for Lead Plaintiff for reimbursement of the costs incurred as a direct result of his representation of the Settlement Class.

Dated: October 15, 2021

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Jason L. Krajcer*
Lionel Z. Glancy
Robert V. Prongay
Jason L. Krajcer
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: lglancy@glancylaw.com
        rprongay@glancylaw.com
        jkrajcer@glancylaw.com

*Lead Counsel for Lead Plaintiff Avi Yaron and the Settlement Class*

-and-

---

[5] *See also In re Heritage Bond Litig.*, 2005 WL 1594403, at *10, *21 (C.D. Cal. June 10, 2005) (where notice was disseminated to thousands of potential class members, "the lack of significant objections to the requested fees justifies an award of one-third of the Settlement Fund."); *Patel v. Axesstel, Inc.*, 2015 WL 6458073, at *9 (S.D. Cal. Oct. 23, 2015) (finding a $3,000 award to lead plaintiff reasonable and noting "the lack of any objection from the class members."); *In re K12 Inc. Sec. Litig.*, 2019 WL 3766420, at *1 (N.D. Cal. Oct. 10, 2019) (awarding 33% of $3.5 million settlement fund where "[t]here were no objections to the requested attorneys' fees and expenses.").

Corey D. Holzer (admitted *pro hac vice*)
HOLZER & HOLZER, LLC
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
Email: cholzer@holzerlaw.com

*Additional Counsel for Lead Plaintiff Avi Yaron and the Settlement Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On October 15, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 15, 2021, at Los Angeles, California.


*s/ Jason L. Krajcer*
Jason L. Krajcer